IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11 CV 7047 |
| | ) | |
| CITY OF CHICAGO, a municipal corporation, | ) | |
| OFFICER PABLO MARIANO (#6691), in his | ) | |
| individual capacity, OFFICER ROBERT | ) | |
| STEGMILLER (#18764), in his individual | ) | |
| capacity, OFFICER SEAN BRANDON (#18866), | ) | |
| in his individual capacity, OFFICER DARRYL | ) | |
| HARDY (#16834), in his individual capacity, | ) | |
| OFFICER MARCO VILLARREAL (#12846), in | ) | |
| his individual capacity, OFFICER MICHAEL | ) | |
| KAPIOR (#16574), in his individual capacity, | ) | |
| SERGEANT JOSE LOPEZ (#809), in his | ) | |
| individual capacity, and UNKNOWN OFFICERS, | ) | |
| in their individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

NOW COMES the Plaintiff, JOSHUA TAYLOR, by and through his attorneys, JAMES E. THOMPSON and JEANNE N. BROWN, and complaining against Defendants, CITY OF CHICAGO, a municipal corporation (hereinafter known as "Defendant CITY"), as well as OFFICER PABLO MARIANO (#6691), in his individual capacity, OFFICER ROBERT STEGMILLER (#18764), in his individual capacity, OFFICER SEAN BRANDON (#18866), in his individual capacity, OFFICER DARRYL HARDY (#16834), in his individual capacity, OFFICER MARCO VILLARREAL (#12846), in his individual capacity, OFFICER MICHAEL KAPIOR (#16574), in his individual capacity, SERGEANT JOSE LOPEZ (#809), in his

individual capacity, and UNKNOWN OFFICERS, in their individual capacities (hereinafter collectively known as "Defendant OFFICERS"), states as follows:

## INTRODUCTION

1. The Plaintiff, JOSHUA TAYLOR (hereinafter "Taylor"), brings this action pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of his rights as secured by the United States Constitution.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1343. This Court also has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) because Plaintiff and all Defendants reside in this Judicial District and all events giving rise to Plaintiff's claim occurred within this Judicial District.

## PARTIES

4. Taylor is a citizen of the state of Illinois and a resident of this Judicial District.

5. Defendant OFFICERS at all relevant times were police officers employed by Defendant CITY and the Chicago Police Department, and they were on duty acting under color of law and within the scope of their employment.

6. Upon information and belief, each Defendant OFFICER is a citizen of the state of Illinois and a resident of this Judicial District.

7. Defendant CITY is a municipal corporation and public entity incorporated under the laws of Illinois and located in this Judicial District.

**BACKGROUND**

8.      On October 11, 2010, at or about 7:30 p.m., Taylor was driving a white Dodge Charger southbound on South St. Lawrence Avenue near its intersection with East 49th Street in the City of Chicago, Illinois.

9.      At the aforementioned time and place, Defendant OFFICERS curbed Taylor's vehicle to the side of St. Lawrence Avenue near its intersection with East 49th Street in the City of Chicago, Illinois, even though Taylor had not violated any traffic law or other law.

10.     After curbing Taylor's vehicle, Defendant OFFICERS engaged Taylor's vehicle with their firearms drawn and ordered Taylor to exit the vehicle.

11.     Taylor was fearful of all of the Defendant OFFICERS and had his hands up in the air showing his valid driver's license and insurance records.

12.     At this time, Taylor called 911 on his cellular phone from inside his vehicle and asked for a supervisor to send emergency assistance because Defendant OFFICERS had their guns drawn and were spraying pepper spray into Taylor's vehicle.

13.     Defendant OFFICERS knew Taylor called 911 and interfered, obstructed, and prevented Taylor's request for emergency assistance through the Office of Emergency Management & Communications (OEMC).

14.     While Taylor was on his cellular phone speaking with a 911 operator, Defendant OFFICERS broke in the driver's-side window of Taylor's vehicle.

15.     After breaking the vehicle's driver's-side window, Defendant OFFICERS dragged Taylor out of the vehicle, took Taylor to the ground, and repeatedly punched, kicked, and hit Taylor, causing him to suffer injury.

16. Defendant OFFICERS also intentionally destroyed Taylor's cellular phone by throwing it down on the street.

17. During Taylor's investigation, detention, and arrest, Defendant OFFICERS handcuffed Taylor at his wrists and his ankles in a manner commonly referred to as hog-tying.

18. At no point during this encounter with Defendant OFFICERS did Taylor resist arrest.

19. Taylor was unarmed, and he did not have any drugs on his person or in his vehicle.

20. Taylor was subsequently transported to Mercy Hospital for treatment of his injuries as a result of being dragged out of his vehicle and repeatedly punched, kicked, and hit by Defendant OFFICERS.

21. During the stop, investigation, detention, and arrest of Taylor, Defendant OFFICERS utilized a new tactical procedure approved and utilized by Defendant CITY and the Chicago Police Department.

22. All of the actions taken by Defendant OFFICERS described herein were performed with the knowledge, in the presence, and at the direction of a supervisor from the Chicago Police Department.

23. Taylor was arrested and charged with felony resisting a peace officer under 720 ILCS § 5/31-1(a-7).

24. Taylor was compelled to stand trial before the Honorable Judge Joseph M. Claps in the Circuit Court of Cook County under Case Number 10-CR-19896.

25. Judge Claps dismissed all charges on September 12, 2011 following Taylor's motion for a directed finding at the close of the State's case in chief.

26. Before his dismissal, Taylor was incarcerated in Cook County jail and was also kept under house arrest from the date of his arrest until the conclusion of trial.

27. At the time of his arrest, Taylor was gainfully employed, and as a result of the incarceration, his employment was terminated.

28. Taylor's arrest, detention, incarceration, and trial interfered with Taylor's parental relations, enjoyment, duties, and obligations as father to his four children.

29. As a result of Taylor's stop, investigation, detention, arrest, incarceration, and trial, Taylor suffered financial, physical, and emotional injuries, including humiliation.

## COUNT I

### 42 U.S.C. § 1983 – Policy Claim

30. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

31. The misconduct of Defendant OFFICERS toward Taylor was undertaken pursuant to the policy and practice of Defendant CITY and the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by hiring and retaining unqualified officers, and by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference;

    b. As a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue in this Complaint by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never by scrutinized and, in that way, directly encouraging future abuses such as those affecting Taylor; specifically, Chicago Police Officers accused of misconduct can be confident that the Independent Police Review Authority, formally known as the Office of Professional Standards, will not investigate accusations against Officers in earnest and will refuse to recommend discipline even when the Officer has engaged in misconduct;

      c.      As a matter of both policy and practice, the Chicago Police Department fails to maintain accurate and complete records of complaints and investigations of misconduct;

      d.      Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, Chicago Police Officers abuse citizens on a frequent basis in a manner similar to that alleged by Taylor in this Complaint, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

      e.      Municipal policy-makers are aware of, condone, and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this Complaint;

      f.      On the day in question, Defendant OFFICERS implemented a new tactical policy and procedure for engaging in traffic stops even though the Chicago Police Department failed to adequately train, supervise, and control these Officers regarding this new policy and procedure; and

      g.      The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding subparagraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged in this Complaint.

32.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

33.    As a result of the Defendant CITY's policy and practice, Taylor has suffered financial, physical, and emotional injury, including humiliation.

34. The misconduct described in this Complaint was undertaken pursuant to the policy and practice of Defendant CITY and the Chicago Police Department in the manner described more fully above.

35. The misconduct described in this Complaint was undertaken by Defendant OFFICERS within the scope of their employment, on duty, and under color of law such that their employer, Defendant CITY, is liable for their actions.

WHEREFORE, the Plaintiff, JOSHUA TAYLOR, respectfully requests that this Court enter judgment in his favor and against all of the Defendants, and also award damages as follows:

   a. Compensatory damages;
   b. Punitive damages as allowed by law and as against Defendant OFFICERS in their individual capacity;
   c. Reasonable attorney's fees, costs, and litigation expenses; and
   d. Any other relief this Court deems just and appropriate.

## COUNT II

### 42 U.S.C. § 1983 – Excessive Force

36. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

37. As described more fully in the preceding Paragraphs, the conduct of Defendant OFFICERS toward Taylor constituted excessive force, in violation of the United States Constitution.

38. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

39. As a result of the unjustified and excessive use of force by Defendant OFFICERS, as well as the Defendant CITY's policy and practice, Taylor has suffered financial, physical, and emotional injury, including humiliation.

40. The misconduct described in this Count was undertaken pursuant to the policy and practice of Defendant CITY and the Chicago Police Department in the manner described more fully above.

41. The misconduct described in this Count was undertaken by Defendant OFFICERS within the scope of their employment, on duty, and under color of law such that their employer, City of Chicago, is liable for their actions.

WHEREFORE, the Plaintiff, JOSHUA TAYLOR, respectfully requests that this Court enter judgment in his favor and against all of the Defendants, and also award damages as follows:

a. Compensatory damages;
b. Punitive damages as allowed by law and as against Defendant OFFICERS in their individual capacity;
c. Reasonable attorney's fees, costs, and litigation expenses; and
d. Any other relief this Court deems just and appropriate.

## COUNT III

### 42 U.S.C. § 1983 – Unlawful Search and Seizure

42. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

43. As described more fully in the preceding Paragraphs, the Defendant OFFICERS searched and seized Taylor without a warrant, without probable cause, and without any other legal

justification, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

44. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

45. As a result of the unjustified search and seizure by Defendant OFFICERS, as well as the Defendant CITY's policy and practice, Taylor has suffered financial, physical, and emotional injury, including humiliation.

46. The misconduct described in this Count was undertaken pursuant to the policy and practice of Defendant CITY and the Chicago Police Department in the manner described more fully above.

47. The misconduct described in this Count was undertaken by Defendant OFFICERS within the scope of their employment, on duty, and under color of law such that their employer, Defendant CITY, is liable for their actions.

WHEREFORE, the Plaintiff, JOSHUA TAYLOR, respectfully requests that this Court enter judgment in his favor and against all of the Defendants, and also award damages as follows:

   a. Compensatory damages;
   b. Punitive damages as allowed by law and as against Defendant OFFICERS in their individual capacity;
   c. Reasonable attorney's fees, costs, and litigation expenses; and
   d. Any other relief this Court deems just and appropriate.

## COUNT IV

### 42 U.S.C. § 1983 – Failure to Intervene

48.     Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

49.     As described more fully in the preceding Paragraphs, one or more of the Defendant OFFICERS, including a supervisor from the Chicago Police Department, had a reasonable opportunity to prevent another Defendant OFFICER from using excessive force against Taylor and unlawfully searching and seizing Taylor had they fulfilled their duties, obligations, and responsibilities to do so, but they deliberately failed to intervene, in violation of the United States Constitution.

50.     As a result of the Defendant OFFICERS' failure to intervene, as well as the Defendant CITY's policy and practice, Taylor suffered financial, physical, and emotional injuries, including humiliation.

51.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

52.     The misconduct described in this Count was undertaken pursuant to the policy and practice of Defendant CITY and the Chicago Police Department in the manner described more fully above.

53.     The misconduct described in this Count was undertaken by Defendant OFFICERS within the scope of their employment, on duty, and under color of law such that their employer, Defendant CITY, is liable for their actions.

WHEREFORE, the Plaintiff, JOSHUA TAYLOR, respectfully requests that this Court enter judgment in his favor and against all of the Defendants, and also award damages as follows:

a. Compensatory damages;

b. Punitive damages as allowed by law and as against Defendant OFFICERS in their individual capacity;

c. Reasonable attorney's fees, costs, and litigation expenses; and

d. Any other relief this Court deems just and appropriate.

## COUNT V

### 42 U.S.C. § 1983 – False Arrest/Unlawful Detention

54. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

55. As described more fully in the preceding Paragraphs, the actions of the Defendant OFFICERS caused Taylor to be falsely arrested and unlawfully detained without probable cause, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

56. As a result of the Defendant OFFICER's false arrest and unlawful detention of Taylor, as well as the Defendant CITY's policy and practice, Taylor suffered financial, physical, and emotional injuries, including humiliation.

57. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

58. The misconduct described in this Count was undertaken pursuant to the policy and practice of Defendant CITY and the Chicago Police Department in the manner described more fully above.

59. The misconduct described in this Count was undertaken by Defendant OFFICERS within the scope of their employment, on duty, and under color of law such that their employer, Defendant CITY, is liable for their actions.

WHEREFORE, the Plaintiff, JOSHUA TAYLOR, respectfully requests that this Court enter judgment in his favor and against all of the Defendants, and also award damages as follows:

a. Compensatory damages;

b. Punitive damages as allowed by law and as against Defendant OFFICERS in their individual capacity;

c. Reasonable attorney's fees, costs, and litigation expenses; and

d. Any other relief this Court deems just and appropriate.

## COUNT VI

### 42 U.S.C. § 1983 – Conspiracy

60. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

61. As described more fully in the preceding Paragraphs, Defendant OFFICERS impliedly or expressly conspired and agreed to violate Taylor's constitutional rights and to cover up the wrongdoing of their fellow OFFICERS, in violation of the United States Constitution.

62. In furtherance of the conspiracy, personnel from the Chicago Police Department testified that during the stop, investigation, detention, and arrest of Taylor, Defendant OFFICERS utilized a new tactical procedure.

63. As a result of the Defendant OFFICERS' agreement to deprive Taylor of his constitutional rights, as well as the Defendant CITY's policy and practice, Taylor suffered financial, physical, and emotional injuries, including humiliation.

64. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

65. The misconduct described in this Count was undertaken pursuant to the policy and practice of Defendant CITY and the Chicago Police Department in the manner described more fully above.

66. The misconduct described in this Count was undertaken by Defendant OFFICERS within the scope of their employment, on duty, and under color of law such that their employer, Defendant CITY, is liable for their actions.

WHEREFORE, the Plaintiff, JOSHUA TAYLOR, respectfully requests that this Court enter judgment in his favor and against all of the Defendants, and also award damages as follows:

   a. Compensatory damages;
   b. Punitive damages as allowed by law and as against Defendant OFFICERS in their individual capacity;
   c. Reasonable attorney's fees, costs, and litigation expenses; and
   d. Any other relief this Court deems just and appropriate.

## COUNT VII

### State Law Claim – Assault and Battery

67. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

68. As described more fully in the preceding Paragraphs, the actions of the Defendant OFFICERS created a reasonable apprehension of imminent harm and constituted offensive physical contact with Taylor.

69. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

70. As a result of the actions of Defendant OFFICERS, Taylor sustained financial, physical, and emotional injuries, including humiliation.

WHEREFORE, the Plaintiff, JOSHUA TAYLOR, respectfully requests that this Court enter judgment in his favor and against all of the Defendants, and also award damages as follows:

a. Compensatory damages;

b. Punitive damages as allowed by law and as against Defendant OFFICERS in their individual capacity;

c. Reasonable costs and litigation expenses; and

d. Any other relief this Court deems just and appropriate.

## COUNT VIII

### State Law Claim – False Arrest/False Imprisonment

71. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

72. As described more fully in the preceding Paragraphs, the actions of the Defendant OFFICERS caused Taylor to be falsely arrested and falsely imprisoned despite Defendant OFFICERS' knowledge that there was no lawful justification for doing so.

73. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

74. As a result of the actions of Defendant OFFICERS, Taylor sustained financial, physical, and emotional injuries, including humiliation.

WHEREFORE, the Plaintiff, JOSHUA TAYLOR, respectfully requests that this Court enter judgment in his favor and against all of the Defendants, and also award damages as follows:

a. Compensatory damages;

b. Punitive damages as allowed by law and as against Defendant OFFICERS in their individual capacity;

c. Reasonable costs and litigation expenses; and

d. Any other relief this Court deems just and appropriate.

## COUNT IX

### State Law Claim – Malicious Prosecution

75. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

76. As described more fully in the preceding Paragraphs, the Defendant OFFICERS actively instigated, encouraged, or perpetrated the prosecution of Taylor for felony resisting a peace officer.

77. Defendant OFFICERS did not have probable cause to pursue said charges.

78. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

79. The criminal charges brought against Taylor were terminated in his favor on directed finding.

80.     As a result of the actions of Defendant OFFICERS, Taylor sustained great mental anguish, humiliation, degradation, emotional distress, pain and suffering, inconvenience, financial crisis, lost wages and benefits, future pecuniary losses, medical expenses, attorney's fees and costs, and other consequential damages.

   WHEREFORE, the Plaintiff, JOSHUA TAYLOR, respectfully requests that this Court enter judgment in his favor and against all of the Defendants, and also award damages as follows:

   a. Compensatory damages;

   b. Punitive damages as allowed by law and as against Defendant OFFICERS in their individual capacity;

   c. Reasonable costs and litigation expenses; and

   d. Any other relief this Court deems just and appropriate.

## COUNT X

### State Law Claim – Respondeat Superior

81.     Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

82.     In committing the acts alleged in the preceding Paragraphs, the Defendant OFFICERS are or were members and agents of Defendant CITY and the Chicago Police Department, acting at all relevant times on duty and within the scope of their employment.

83.     Defendant CITY is liable as principal for all torts committed by its agents.

84.     The misconduct described in this Complaint was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

85. As a result of the actions of Defendant OFFICERS, Taylor sustained financial, physical, and emotional injuries, including humiliation.

WHEREFORE, the Plaintiff, JOSHUA TAYLOR, respectfully requests that this Court enter judgment in his favor and against all of the Defendants, and also award damages as follows:

   a. Compensatory damages;
   b. Punitive damages as allowed by law and as against Defendant OFFICERS in their individual capacity;
   c. Reasonable costs and litigation expenses; and
   d. Any other relief this Court deems just and appropriate.

## COUNT XI

### State Law Claim – Indemnification

86. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

87. Illinois law (745 ILCS § 10/9-102) provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

88. The Defendant OFFICERS are or were employees of Defendant CITY and the City of Chicago Police Department and acted at all relevant times on duty and within the scope of their employment in committing the misconduct described in this Complaint.

89. The misconduct described in this Complaint was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

90. As a result of the actions of Defendant OFFICERS, Taylor sustained financial, physical, and emotional injuries, including humiliation.

WHEREFORE, the Plaintiff, JOSHUA TAYLOR, respectfully requests that this Court enter judgment in his favor and against all of the Defendants, and also award damages as follows:

a. Compensatory damages;

b. Punitive damages as allowed by law and as against Defendant OFFICERS in their individual capacity;

c. Reasonable costs and litigation expenses; and

d. Any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, JOSHUA TAYLOR, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

/s/ James E. Thompson
Attorney for Plaintiff

JAMES E. THOMPSON
JEANNE N. BROWN
77 W. Washington Street, Suite 1100
Chicago, Illinois 60602
(312) 368-8220